JOHN ROAN v. STATE.
No. A-1282.   Opinion Filed August 21, 1912.
Appeal from Johnston County Court;
Nick Wolfe, Judge.

John Roan was convicted of violating the prohibitory law, and appeals. Appeal dismissed.

J. S. Ratliff, Newman & Lawrence, and J. B. O'Bryan, for plaintiff in error.

Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM:   Plaintiff in error, John Roan, was convicted in the county court of Johnston county, at the April, 1911, term, on a charge of selling intoxicating liquor, and on the 7th day of said month was sentenced to pay a fine of two hundred fifty dollars and be confined in the county jail for a period of ninety days.   On the 5th day of May, thereafter, an order was made extending the time within which to make and serve case-made forty days from the 7th day of May; but no order was made extending the time within which the appeal could be perfected in this court.   The petition in error and case-made were not filed in this court until the 3rd day of July, 1911, more than sixty days after the rendition of judgment.   The Attorney General has filed a motion to dismiss the appeal on the ground that it was not filed in this court within the time prescribed by law.

The motion is sustained, and the appeal accordingly dismissed.

P. W. HOLDEN v. STATE.
No. A-1450.   Opinion Filed August 21, 1912.
Appeal from Oklahoma County Court;
John W. Hayson, Judge.

P. W. Holden was convicted of violating the prohibitory law, and appeals.   Affirmed.

Pruiett, Wilson, Sniggs & Wilson, for plaintiff in error.

Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM:   The plaintiff in error, P. W. Holden, was convicted at the May, 1911, term of the county court of Oklahoma county on a charge of having unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at imprisonment in the county jail for a period of six months and a fine of five hundred dollars.   We have carefully examined the record and find no error sufficient to justify a reversal of the judgment.   It is therefore affirmed.